%JS 44 (Rev. 12/07, NJ 5/08)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS

JACQUELINE KURTA

**DEFENDANTS**

NCO FINANCIAL SYSTEMS, INC.

(b) County of Residence of First Listed Plaintiff _____

County of Residence of First Listed Defendant _____

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, Telephone Number and Email Address)

Craig Thor Kimmel, Esquire
Kimmel & Silverman, P.C.
30 E. Butler Pike
Ambler, PA 19002
(215) 540-8888

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

☐ 1  U.S. Government Plaintiff

☒ 3  Federal Question (U.S. Government Not a Party)

☐ 2  U.S. Government Defendant

☐ 4  Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | Med. Malpractice | ☐ 625 Drug Related Seizure | 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | Liability | ☐ 365 Personal Injury - | of Property 21 USC 881 |  | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| & Enforcement of Judgment | Slander | ☐ 368 Asbestos Personal | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | Injury Product | ☐ 650 Airline Regs. | ☐ 830 Patent | Corrupt Organizations |
| ☐ 152 Recovery of Defaulted | Liability | Liability | ☐ 660 Occupational | ☐ 840 Trademark | ☒ 480 Consumer Credit |
| Student Loans | ☐ 340 Marine | **PERSONAL PROPERTY** | Safety/Health |  | ☐ 490 Cable/Sat TV |
| (Excl. Veterans) | ☐ 345 Marine Product | ☐ 370 Other Fraud | ☐ 690 Other |  | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment | Liability | ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities/ |
| of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal | ☐ 710 Fair Labor Standards | ☐ 861 HIA (1395ff) | Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | Property Damage | Act | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge |
| ☐ 190 Other Contract | Product Liability | ☐ 385 Property Damage | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | 12 USC 3410 |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal | Product Liability | ☐ 730 Labor/Mgmt.Reporting | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | Injury |  | & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | Sentence | ☐ 791 Empl. Ret. Inc. | or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ | **Habeas Corpus:** | Security Act | ☐ 871 IRS—Third Party | ☐ 895 Freedom of Information |
| ☐ 240 Torts to Land | Accommodations | ☐ 530 General |  | 26 USC 7609 | Act |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare | ☐ 535 Death Penalty | **IMMIGRATION** |  | ☐ 900Appeal of Fee Determination |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - | ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application |  | Under Equal Access |
|  | Employment | ☐ 550 Civil Rights | ☐ 463 Habeas Corpus - |  | to Justice |
|  | ☐ 446 Amer. w/Disabilities - | ☐ 555 Prison Condition | Alien Detainee |  | ☐ 950 Constitutionality of |
|  | Other |  | ☐ 465 Other Immigration |  | State Statutes |
|  | ☐ 440 Other Civil Rights |  | Actions |  |  |

## V. ORIGIN (Place an "X" in One Box Only)

☒ 1 Original Proceeding   ☐ 2 Removed from State Court   ☐ 3 Remanded from Appellate Court   ☐ 4 Reinstated or Reopened   ☐ 5 Transferred from another district (specify)   ☐ 6 Multidistrict Litigation   ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
15 U.S.C SECTION 1692

Brief description of cause:
Fair Debt Collection Practices Act

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $ _____

CHECK YES only if demanded in complaint:
JURY DEMAND:  ☒ Yes  ☐ No

## VIII. RELATED CASE(S) (See instructions):

JUDGE _____   DOCKET NUMBER _____

Explanation:

DATE
04|13|12

SIGNATURE OF ATTORNEY OF RECORD

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

## CASE MANAGEMENT TRACK DESIGNATION FORM

Jacqueline Kurta                               CIVIL ACTION

v.

NCO Financial Systems, Inc.                    NO.

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.                    ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health
    and Human Services denying plaintiff Social Security Benefits.                            ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2. (X)

(d) Asbestos – Cases involving claims for personal injury or property damage from
    exposure to asbestos.                                                                     ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are
    commonly referred to as complex and that need special or intense management by
    the court. (See reverse side of this form for a detailed explanation of special
    management cases.)                                                                        ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.            ( )

| | | |
|---|---|---|
| 04/13/12 | Craig Thor Kimmel | Jacqueline Kurta |
| **Date** | **Attorney-at-law** | **Attorney for** |
| 215 540 8888 | 877 788 2864 | kimmel@creditlaw.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

## UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff: 1013 San Diego Rd. Santa Barbara, CA 93103

Address of Defendant: 501 Prudential Rd. Horsham PA 19044

Place of Accident, Incident or Transaction: _____

(Use Reverse Side For Additional Space)

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?

(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))　　　　　　Yes☐　No☒

Does this case involve multidistrict litigation possibilities?　　　　　　Yes☐　No☒

RELATED CASE, IF ANY:

Case Number: _____　Judge _____　Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?

Yes☐　No☒

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?

Yes☐　No☒

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?

Yes☐　No☒

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?

Yes☐　No☒

CIVIL: (Place ✔ in ONE CATEGORY ONLY)

A. Federal Question Cases:

1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations

7. ☐ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☒ All other Federal Question Cases 15 U.S.C. 1692
    (Please specify)

B. Diversity Jurisdiction Cases:

1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
        6. ☐ Other Personal Injury (Please specify)

7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☐ All other Diversity Cases
        (Please specify)

## ARBITRATION CERTIFICATION
(Check Appropriate Category)

I, Craig Thor Kimmel, counsel of record do hereby certify:

☐ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;

☐ Relief other than monetary damages is sought.

DATE: 04/13/12 _____ 　57100

Attorney-at-Law　　　　　　Attorney I.D.#

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 04/13/12 _____ 　57100

Attorney-at-Law　　　　　　Attorney I.D.#

CIV. 609 (6/08)

## IN THE UNITED STATES DISTRICT COURT
### FOR THE
## EASTERN DISTRICT OF PENNSYLVANIA

JACQUELINE KURTA,              )
                               )
    Plaintiff              )
                               )   **Case No.:**
    v.                     )
                               )   **COMPLAINT AND DEMAND FOR**
NCO FINANCIAL SYSTEMS, INC.,   )   **JURY TRIAL**
                               )
    Defendant               )   **(Unlawful Debt Collection Practices)**

## COMPLAINT

JACQUELINE KURTA ("Plaintiff"), by and through her attorneys, KIMMEL & SILVERMAN, P.C., alleges the following against NCO FINANCIAL SYSTEMS, INC. ("Defendant"):

## INTRODUCTION

1.     Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices.

## JURISDICTION AND VENUE

2.     Jurisdiction of this court arises pursuant to 15 U.S.C. § 1692k(d), which states that such actions may be brought and heard before "any appropriate

- 1 -

United States district court without regard to the amount in controversy," and 28 U.S.C. § 1331 grants this court original jurisdiction of all civil actions arising under the laws of the United States.

3.    Defendant conducts business and has an office in the Commonwealth of Pennsylvania, and therefore, personal jurisdiction is established.

4.    Venue is proper pursuant to 28 U.S.C. § 1391(b)(1).

**PARTIES**

5.    Plaintiff is a natural person residing in Santa Barbara, California 93103.

6.    Plaintiff is a person granted a cause of action under the FDCPA.  See 15 U.S.C. §1692k(a), and Wenrich v. Cole, 2000 U.S. Dist. LEXIS 18687 (E.D. Pa. Dec 22, 2000).

7.    Defendant is a national debt collection company with its corporate headquarters located at 507 Prudential Road in Horsham, Pennsylvania, 19044.

8.    Defendant is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6), and repeatedly contacted Plaintiff in an attempt to collect a debt.

9.    Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

PLAINTIFF'S COMPLAINT

## FACTUAL ALLEGATIONS

10.    At all relevant times, Defendant was contacting Plaintiff in an attempt to collect the debt of other persons.

11.    Upon information and belief, the alleged debt at issue arose out of transactions, which were primarily for personal, family, or household purposes.

12.    Beginning in or around August 2011, and continuing through February 2012, Defendant repeatedly and continuously contacted Plaintiff on her home and cellular telephones in its attempts to collect a consumer debt of other persons.

13.    Plaintiff received phone calls and voicemail messages from Defendant on a number of occasions from the following phone numbers: (800) 550-9619 and (800) 445-4918, which the undersigned has confirmed are phone number for Defendant.

14.    Defendant placed repeated calls to Plaintiff's home and cellular telephones almost everyday, sometimes calling as frequently as two (2) to three (3) times a day.

15.    For example, Defendant contacted Plaintiff on her cellular telephone on: January 30, 2012, at 4:00 p.m.; January 31, 2012; February 1, 2012, at 4:12 p.m.; February 2, 2012, at 1:30 p.m.; February 3, 2012, at 12:13 p.m.; February 6,

2012, at 4:21 p.m.; February 7, 2012, at 5:15 p.m.; February 8, 2012, at 1:38 p.m.; February 9, 2012, 2:47 p.m.; February 14, 2012, at 2:08 p.m.; February 15, 2012, at 2:15 p.m.; February 16, 2012, at 3:00 p.m.; February 20, 2012, at 9:00 a.m.; February 21, 2012, at 2:42 p.m.; and February 22, 2012, at 3:40 p.m.

16.    In addition to calling Plaintiff, Defendant would leave messages on Plaintiff's voicemail.

17.    In its voicemails, Defendant identified the debtors as individuals other than Plaintiff.

18.    In an effort to get the calls to stop, Plaintiff called Defendant.

19.    During this call Plaintiff spoke with a supervisor employed by Defendant.

20.    This supervisor told Plaintiff that Defendant was calling Plaintiff's number looking for multiple different people—none of which were Plaintiff.

21.    Defendant gave Plaintiff a list of names of the people that Defendant was attempting to contact, but Plaintiff did not know any of them.

22.    However, this did not deter Defendant, as it continued to call Plaintiff in an attempt to collect a debt owed by another person.

23.    Additionally, on numerous occasions, Plaintiff answered Defendant's collection calls and informed its collectors that she is not the person they are looking for and to stop calling her.

15.     Following these conversations between the parties, neither Defendant nor its collectors investigated or verified contact information prior to and after calling Plaintiff.

16.     Defendant and its collectors failed to update its records to avoid further harassment of Plaintiff.

24.     Instead, Defendant continued to contact Plaintiff in its attempts to collect consumer debts of other persons.

25.     Most recently, Defendant contacted Plaintiff on February 21, 2012, at 2:42 p.m.

26.     Prior to contacting Plaintiff on this day, Defendant searched a professional directory for psychotherapists and located Plaintiff's phone number in order to contact her.

27.     Defendant's actions in attempting to collect the alleged debt were harassing, abusive and highly deceptive.

## DEFENDANT VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT

28.     In its actions to collect a disputed debt, Defendant violated the FDCPA in one or more of the following ways:

- 5 -

**COUNT I**

29.    Defendant's conduct, detailed in the preceding paragraphs, violated 15 U.S.C. §1692b(3).

        a.  Section 1692b(3) of the FDCPA prohibits a debt collector from communicating with any person other than a consumer more than once unless requested to do so by such person or unless the debt collector reasonably believes that the earlier response of such person is erroneous or incomplete and that such person now has correct or complete location information.

        b.  Here, Defendant violated §1692b(3) of the FDCPA by communicating with Plaintiff more than once about a "Rachel Wilkins" and a "Robert Phelps."

        c.  Defendant knew that Plaintiff did not have correct or complete location information about these people as Plaintiff repeatedly informed Defendant that she did not know these individuals.

**COUNT II**

30.    Defendant's conduct, detailed in the preceding paragraphs, violated 15 U.S.C. §1692c(b).

        a.  A debt collector violates §1692c(b) of the FDCPA by communicating, in connection with the collection of a debt, with a

- 6 -

any person other than the consumer, his attorney, a consumer reporting agency if otherwise permitted by law, the creditor, the attorney of the creditor, or the attorney of the debt collector, without the prior consumer of the consumer given directly to the debt collector.

    a. Here, Defendant violated §1692c(b) of the FDCPA when it communicated, in connection with the collection of a debt, with Plaintiff about the debts of other people, "Rachel Wilkins" and a "Robert Phelps," and Plaintiff did not know these people.

### COUNT III

31.    Defendant's conduct, detailed in the preceding paragraphs, violated 15 U.S.C. §§1692d and 1692d(5).

    b. Section 1692d of the FDCPA prohibits debt collectors from engaging in any conduct the natural consequences of which is to harass, oppress or abuse any person in connection with the collection of a debt.

    c. Section 1692d(5) of the FDCPA prohibits debt collectors from causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with the intent to annoy, abuse, or harass any person at the called number.

- 7 -

d. Defendant violated §§1692d, and 1692d(5) of the FDCPA when it caused Plaintiff's telephone to ring almost everyday, calling at least two (2) times each day, and sometimes calling as frequently as four (4) times a day, with the intent to annoy, abuse and harass Plaintiff.

## COUNT IV

27.     Defendant's conduct, detailed in the preceding paragraphs, violated 15 U.S.C. §1692f.

a. Section 1692f of the FDCPA prohibits a debt collector from using unfair or unconscionable means to collect or attempt to collect any debt.

b. Defendant violated §1692f of the FDCPA when it called Plaintiff regarding debts of other persons, despite knowing that Plaintiff was not the person that they were seeking and having been instructed by Plaintiff to stop calling her.

WHEREFORE, Plaintiff, JACQUELINE KURTA, respectfully prays for a judgment as follows:

a.     All actual damages suffered pursuant to 15 U.S.C. §1692k(a)(1);

- 8 -

b.   Statutory damages of $1,000.00 for the violation of the FDCPA pursuant to 15 U.S.C. §1692k(a)(2)(A);

c.   All reasonable attorneys' fees, witness fees, court costs and other litigation costs incurred by Plaintiff pursuant to 15 U.S.C. §1693k(a)(3); and

d.   Any other relief deemed appropriate by this Honorable Court.

## **DEMAND FOR JURY TRIAL**

PLEASE TAKE NOTICE that Plaintiff, JACQUELINE KURTA, demands a jury trial in this case.

RESPECTFULLY SUBMITTED,

DATED: 04/13/2012         KIMMEL & SILVERMAN, P.C.

By: /s/ Craig Thor Kimmel
    CRAIG THOR KIMMEL
    Attorney ID # 57100
    30 E. Butler Pike
    Ambler, PA 19002
    Phone: (215) 540-8888 ext. 103
    Fax: (877) 788-2864
    Email: kimmel@creditlaw.com

- 9 -